UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE VENSON KNIGHT,<br><br>Petitioner,<br><br>v.<br><br>STU SHERMAN,<br><br>Respondent. | Case No. 1:19-cv-00159-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS WRIT OF HABEAS CORPUS AS SUCCESSIVE<br><br>ECF No. 1<br><br>OBJECTIONS DUE IN FOURTEEN DAYS |

Petitioner Clarence Venson Knight, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. This matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Because petitioner has not obtained authorization from the Ninth Circuit to pursue a successive petition, this court lacks jurisdiction over the case. I recommend that the court dismiss the petition for lack of jurisdiction.

**Background**

Petitioner was convicted of first-degree murder and robbery—with a gun enhancement—in the San Diego County Superior Court on July 24, 1979. ECF No. 1 at 1. Since that time, petitioner has sought review of his conviction multiple times at both the state and federal levels,

1

and has filed seven other federal petitions for writs of habeas corpus.[1] All were denied, dismissed, or are still pending. Petitioner filed the instant petition for habeas review on December 13, 2018, claiming that he was subject to unlawful restraint in prison and that the California Department of Corrections and Rehabilitation violated his rights under the U.S. Constitution in miscalculating (1) his credits for time earned and (2) his release date. ECF No. 1 at 5-7, 18-19.

**Discussion**

Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. "Under AEDPA's second or successive petition provisions, any claim that has been adjudicated in a previous petition must be dismissed." *Hall v. Haws*, 861 F.3d 977, 984 (9th Cir. 2017) (citing 28 U.S.C. § 2244(b)(1)). "Likewise, a claim presented in a second or successive petition that was not presented in a prior application 'shall be dismissed unless' certain criteria are met." *Gonzalez v. Sherman*, 873 F.3d 763, 767 (9th Cir. 2017). "The standard for distinguishing repetitious claims from new ones is the substantial similarity rule used to determine whether a claim has been exhausted in state court." *Gimenez v. Ochoa*, 821 F.3d 1136, 1141 (9th Cir. 2016) (internal quotations omitted). A "claim 'is successive if the basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments … [or] proved by different factual allegations.'" *Gulbrandson v. Ryan*, 738 F.3d 976, 997 (9th Cir. 2013) (as amended) (quoting *Babbitt v. Woodford*, 177 F.3d 744, 746 (9th Cir. 1999)) (alterations in original).

---

[1] Petitioner states that he sought habeas relief three times in California state courts. ECF No. 1 at 3-4. Petitioner's federal habeas claims were either denied, dismissed, or are still pending. *See Knight v. Gile*, Case No. 1:97-cv-05286-REC-HGB (E.D. Cal. 1997) (petition for writ of habeas corpus denied); *Knight v. Evans*, Case No. 4:08-cv-00006-SBA (N.D. Cal. 2010) (petition for writ of habeas corpus denied on the merits); *Knight v. Brown*, Case No. 3:12-cv-00970-JAH-RBB (S.D. Cal. 2012) (habeas petition dismissed for failure to pay filing fee); *Knight v Spearman*, Case No. 2:19-cv-01633-KJM-KJN (E.D. Cal. 2019) (habeas petition pending); *Knight v. Sherman*, Case No. 1:19-cv-00180-DAD-SKO (E.D. Cal. 2019) (habeas petition dismissed for failure to state a cognizable claim); *Knight v. Sherman*, Case No. 3:18-cv-02884-AJB-BGS (S.D. Cal. 2019) (habeas petition pending).

A federal court will not consider a successive habeas corpus petition unless the petitioner shows one of the following: Either, first, that his claim relies on a new rule of constitutional law, made retroactive by the Supreme Court, that was previously unavailable; or, second, that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence. The facts underlying the claim, if proven and viewed in light of the evidence as a whole, must be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense. *See* 28 U.S.C. § 2244(b)(2)(A)-(B). A district court may not decide whether a petition meets these requirements; the petitioner must obtain the authorization from the appropriate court of appeals before filing the petition in the district court. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 157 (2007); *Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010). The authorization from the appropriate court of appeals is a jurisdictional requirement. *See Burton*, 549 U.S. at 157.

Here, petitioner has not presented authorization from the U.S. Court of Appeals for the Ninth Circuit to file a successive petition under 28 U.S.C. § 2244(b)(3)(A). Even if petitioner were to seek Ninth Circuit authorization, denial would be almost certain because his claims either are similar to those he has made in previous habeas petitions or are unsuitable for habeas petitions.[2] Petitioner has not presented any proof of new evidence in support of his petition, has not identified any new U.S. Supreme Court case law that supports his positions, and has not

---

[2] First, petitioner claims that the calculation of his credit for good time earned is unconstitutional. ECF No. 1 at 5. Petitioner unsuccessfully raised this claim in a previous habeas petition. *See Knight v. Evans*, No. C 05-3670 SBA (PR), 2008 U.S. Dist. LEXIS 79058 (N.D. Cal. Sept. 4, 2008) (petitioner unsuccessfully challenged the calculation of good time credits). Second, petitioner claims the calculation of his release date is unconstitutional, ECF No. 1 at 5, which petitioner unsuccessfully raised in a recent habeas claim. *See Knight v. Sherman*, Case No. 1:19-cv-00180-DAD-SKO (E.D. Cal. 2019) (finding that a challenge to a state law determination of release dates is unreviewable in federal habeas claims). Third, petitioner claims he was subject to unlawful restraint in prison. ECF No. 1 at 5. To the extent petitioner challenges the conditions of his confinement, that claim is properly brought in a 42 U.S.C. § 1983 claim. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). Finally, petitioner raises various arguments that are not distinct cognizable claims under habeas law. Petitioner claims that the denial of his state-level habeas claims was unconstitutional, involved an unreasonable application of clearly established law, and was based on an unreasonable determination of the facts. ECF No. 1 at 7.

shown that no reasonable factfinder would have found him guilty, but for the alleged constitutional error. I recommend dismissal for lack of jurisdiction.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Here, reasonable jurists would not find my conclusion debatable or conclude that petitioner should proceed further. Thus, the court should decline to issue a certificate of appealability.

**Findings and Recommendations**

I recommend that the petition be dismissed for lack of jurisdiction and that the court decline to issue a certificate of appealability. I submit the findings and recommendations to the district judge who will be assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and

4

Recommendations." The assigned district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: November 20, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.