# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE VENSON KNIGHT,<br><br>Petitioner,<br><br>v.<br><br>STU SHERMAN,<br><br>Respondent. | Case No. 1:19-cv-00159-LJO-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS WRIT OF HABEAS CORPUS AS SUCCESSIVE<br><br>ECF No. 15 |

Petitioner Clarence Venson Knight, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The court has referred this matter to a magistrate judge under 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On December 10, 2019, the assigned magistrate judge issued findings and recommendations that the court dismiss the petition as successive and decline to issue a certificate of appealability. ECF No. 15.

On December 18, 2019, petitioner filed objections to the findings and recommendations. ECF No. 16. Petitioner argued that his petition is not successive because his previous federal habeas petitions did not dispute the calculation of his credit for time earned and his release date. *Id*. at 1. Petitioner is mistaken; he has unsuccessfully raised both arguments in his previous federal habeas petitions.[1] Therefore, the requirement remains that petitioner seek leave of the Ninth Circuit to file a second or successive petition. ECF No. 15 at 3. Petitioner's objections are dismissed.

---

[1] Petitioner unsuccessfully raised these claims in previous habeas petitions. *See Knight v. Evans*, No. C 05-3670 SBA (PR), 2008 U.S. Dist. LEXIS 79058 (N.D. Cal. Sept. 4, 2008) (petitioner unsuccessfully challenged the calculation of good time credits); *Knight v. Sherman*, Case No. 1:19-cv-00180-DAD-SKO (E.D. Cal. 2019) (finding that a challenge to a state law determination of release dates is unreviewable in federal habeas claims).

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

In addition, a prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Rule 11 Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court will issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not find the court's decision debatable or conclude that the petition should proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on November 20, 2019 are adopted in full. ECF No. 15;
2. The petition for writ of habeas corpus is dismissed;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: **December 19, 2019**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

5.